In the Matter of ROBERT BERTNER, an Infant.

Supreme Court, Westchester County, May 16, 1962.

*Rubin & Rubin* for Iris Bertner, petitioner. *Gerald H. Imber* for Sidney Bertner, respondent.

HUGH S. COYLE, J. This is an application by way of an order to show cause made by Iris Bertner, the former wife of Sidney Bertner, why an order should not be made and entered herein summarily directing Sidney Bertner, as the father of Robert Bertner, the above-named infant, to make financial payment and

provision for the continued care of the said infant at Hawthorne Cedar Knolls School and for such other needs and purposes as are reasonably necessary and required for the infant.

The application is based upon an agreement of separation by and between Sidney Bertner and the petitioner herein, dated November 7, 1961, wherein it is provided the said "Robert Bertner is to continue at Hawthorne School for the present school year only and that Sidney Bertner agrees to pay the cost thereof, which is considered medical care for the welfare of the boy pursuant to the recommendation of a psychiatrist. At the close of the present school year, it is agreed that Robert Bertner is to be examined by a psychiatrist to be agreed upon by the parties hereto, who shall determine whether it is to the best interest of the child to remain at Hawthorne School. In the event that the parties cannot agree on a psychiatrist, then they shall each appoint a psychiatrist and in the event of a disagreement a third psychiatrist may be called in, to be agreed upon by the two examining psychiatrists."

Subsequent to the execution of the separation agreement, the parties were divorced. It is conceded that the provisions of the afore-mentioned agreement survived the divorce action.

It is the contention of the petitioner that she has no adequate remedy at law. With this contention the court cannot agree. The petitioner is attempting by this proceeding to enforce one of the monetary provisions of the separation agreement by bringing a " summary proceeding " upon the alleged ground that it involves the welfare of a child. As is stated above, the court does not appreciate that such has been in fact established by the petitioner, nor does the court believe it has jurisdiction of such a proceeding as is here presented. Habeas corpus is not involved nor is the question of custody incidental to a matrimonial proceeding. Accordingly, the application is in all respects denied.

Perhaps it should be stated by the court that it would appear that upon proper papers the petitioner has an adequate remedy at law and may bring an action based upon the agreement, should she be so advised.